IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03326-GPG

STEVEN McCARY,

     Applicant,

v.

WARDEN JOHNSON, D.R.D.C.,
WARDEN LYNN, Ordway, and
JOHN SUTHERS, Attorney General of the State of Colorado,

     Respondents.

---

ORDER DIRECTING APPLICANT TO FILE SECOND AMENDED APPLICATION

---

     Applicant, Steven McCary, is a prisoner in the custody of the Colorado

Department of Corrections.  Mr. McCary initiated this action by filing *pro se* an

Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1).  On

January 6, 2015, Mr. McCary filed an amended Application for a Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2254 (ECF No. 7).  The court must construe the amended

application liberally because Mr. McCary is not represented by an attorney.  *See Haines*

*v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.

1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*,

935 F.2d at 1110.

     Although Mr. McCary indicates he is challenging the validity of his convictions in

two Boulder County criminal cases, he does not assert any claims challenging the

validity of the Boulder County convictions or the sentence he is serving as a result of

those convictions.  Instead, the constitutional claims Mr. McCary asserts in the amended habeas corpus application relate to the conditions of his confinement.

Mr. McCary may not raise conditions of confinement claims in a habeas corpus action.  *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (discussing distinction between habeas corpus claims challenging the fact or duration of confinement and conditions of confinement claims raised in civil rights actions).  The Court notes that Mr. McCary has initiated a separate civil rights action raising similar claims challenging the conditions of his confinement.  *See* 14-cv-03039-GPG (D. Colo. filed Nov. 10, 2014).  Mr. McCary may pursue his constitutional claims challenging the conditions of his confinement in 14-cv-03039-GPG.

If Mr. McCary does intend to pursue habeas corpus claims challenging the validity of his Boulder County convictions or the execution of his sentence, he must file a second amended application that identifies the specific constitutional claims he intends to assert and that provides specific factual allegations in support of those claims.  If Mr. McCary intends to challenge the validity of his convictions or sentence, the claims must be asserted in a habeas corpus application pursuant to 28 U.S.C. § 2254.  *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000).  If Mr. McCary intends to challenge the execution of his sentence, the claims properly are asserted in a habeas corpus action pursuant to § 2241.  *See id.*

Regardless of the statutory authority for any habeas corpus claims Mr. McCary may intend to pursue, he must provide specific factual allegations that support each asserted claim.  Habeas corpus relief is warranted only if Mr. McCary "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §

2

2241(c)(3).  Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, which apply even if he is asserting claims pursuant to § 2241, Mr. McCary must provide specific factual allegations in support of each federal constitutional claim.  These habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005).  "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'"  *Id.* at 656 (quoting 28 U.S.C. § 2243).  Although the court must construe *pro se* pleadings liberally, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Furthermore, naked allegations of constitutional violations are not cognizable in a habeas corpus action.  *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

To summarize, if Mr. McCary only intends to pursue claims challenging the conditions of his confinement, he may not raise those claims in a habeas corpus action. Instead, Mr. McCary should raise those claims in his other pending case, 14-cv-03039-GPG.  If Mr. McCary wishes to pursue any habeas corpus claims challenging the validity of his conviction or sentence or the execution of his sentence, he must file a second amended application in this action that clarifies what those claims are.  If Mr. McCary fails to file a second amended application on the proper form or if he fails to clarify the specific claims he is asserting and the specific factual allegations that support

3

each asserted claim, this action will be dismissed without prejudice and without further

notice.  Furthermore, if Mr. McCary files a second amended application in this action

that raises claims challenging the conditions of his confinement, the action also will be

dismissed without prejudice and without further notice.  Accordingly, it is

ORDERED that Mr. McCary shall have **thirty (30) days from the date of this**

**order** to file a second amended application on the proper form that clarifies the habeas

corpus claims he is asserting if he wishes to pursue any habeas corpus claims in this

action.  It is

FURTHER ORDERED that Mr. McCary shall obtain the proper habeas corpus

application form (with the assistance of his case manager or the facility's legal

assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. McCary fails to comply with this order within

the time allowed, the action will be dismissed without further notice.

DATED January 7, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

_____

United States Magistrate Judge